**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Jonathan Gil, Esq. (SBN: 347431)
jonathan@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, California 92108
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*
Sheena Jenkins

KAZEROUNI
LAW GROUP, APC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA JENKINS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>CROSSROADS TRADING CO., INC.,<br><br>               Defendant. | Case No.:<br><br>**<u>Class Action</u>**<br><br>**Class Action Complaint for Damages for Violations of:**<br><br>(1) **Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750,** *et seq.*<br>(2) **False Advertising Law, Cal. Bus. & Prof. Code §§ 17500,** *et seq.*<br>(3) **Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200,** *et seq.*<br><br>**Jury Trial Demanded** |

## <u>INTRODUCTION</u>

1.   Sheena Jenkins ("Plaintiff") brings this Class Action to enjoin the deceptive business practices of Crossroads Trading Co., Inc. ("Defendant") and its misleading billing practices at its retail clothing stores.

2.   Plaintiff discovered that although Defendant advertises its products in-store at a

certain price, Defendant includes a previously undisclosed three (3) percent surcharge at checkout.

3. Defendant's deceptive and misleading pricing directly harms consumers financially.

4. Defendant's deceptive and misleading pricing practices also give it an unlawful competitive advantage against its competitors. Defendant's actions force its competition to choose between engaging in the same deceptive business practices as Defendant or suffering a competitive disadvantage through legal and ethical behavior.

5. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks class wide damages of *at least* 3% of Defendant's total revenue over the last four years, which, when aggregated, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

10. Because Defendants regularly conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court for the Central District of California because the County of Los Angeles is where the conduct giving rise to Plaintiff's injury originated from or occurred. Furthermore, Defendant is subject to liabilities in the County of Los Angeles in the State of California, where Defendant operates and willfully and knowingly engaged in misleading billing practices with Plaintiff.

## PARTIES

12. Plaintiff is a natural person who resides in the County of Los Angeles, California who unknowingly had a deceptive surcharge added to Plaintiff's bill after shopping at one of Defendant's retail stores.

13. Defendant is a corporation, organized and existing under the laws of the State of California. Defendant owns, operates, and manages at least twelve stores located within this District. Defendant also owns, operates, and manages stores throughout the country, including in Colorado, New York, Illinois, Washington, Oregon, and Texas.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff is an individual residing within the State of California.

15. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

16. Defendant misleads the general public by advertising certain prices for its retail goods, which gives consumers the impression that this price is the actual price consumers will be charged. Upon checkout, however, Defendant surreptitiously adds a three percent (3%) "Living Wage Surcharge" after the Subtotal calculation.

17. At no point prior to providing the consumer with the final receipt does Defendant advise consumers of the actual prices of the goods, which are actually higher due

1   to the added surcharge.

2   18. On May 12, 2023, Plaintiff purchased clothing and related items from Defendant's retail store located in Culver City, California. Plaintiff went into the store and discovered that, after checkout, her receipt included a three (3) percent surcharge. Because of her reliance upon Defendant's marketed prices, Plaintiff requested a refund of the surcharge. The manager of the store, Brianna, told Plaintiff that the 3% surcharge was a fee mandated by the City of Culver City and that Defendant would not refund the surcharge.

19. After Plaintiff left the store, and still on May 12, 2023, Plaintiff called the Culver City Tax Assessor's Office. Representatives of Culver City informed Plaintiff that no such city-mandated fee existed. That same day, Plaintiff went back into the store and spoke to a different manager named Brandon. Brandon informed Plaintiff that the fee was mandatory due to Defendant's desire to offset the cost of a minimum wage increase.

20. Sometime in the next six weeks, Plaintiff went back to the store and again tried to have the surcharge refunded. Brandon told her that Defendant would not refund the surcharge because it was meant to cover a cost-of-living increase and increased fees that Defendant had to pay to the City.

21. The surcharge represents "costs" that Defendant collects solely for its own gain. Therefore, the surcharge constitutes unearned profit and is not a "tip" given to its employees.

22. Furthermore, Defendant includes the surcharge between "Subtotal" and "Sales Tax," leading the reasonable consumer to believe that the surcharge is some type of tax or legal requirement:



CLASS ACTION COMPLAINT

23. Indeed, Defendant misrepresented the purpose of the surcharge to Plaintiff upon her request for a refund as a "mandatory" fee.

24. Although Defendant includes a small sign in its stores about the surcharge, the sign does not indicate whether the surcharge has already been included in the price of goods. Instead, the sign—which is noticeably smaller than the other signs around it and has a much smaller font size—states only that "a 3% surcharge will be added to your purchase." The signs appear as follows:



25. Despite having made a purchase at Defendant's Culver City store, in 2023, Plaintiff never saw the above-referenced sign(s) on any of the occasions she visited. It was not until after Plaintiff, through her counsel, sent a letter to Defendant on April 17, 2024, in an attempt to amicably resolve the pricing misrepresentations referenced herein, that Plaintiff noticed on a subsequent visit to one of Defendant's retail stores sometime in May 2024 that such signs had been

1    posted.

2    26.    The reason for the surcharge is vague and ambiguous. Defendant claims that the

3    surcharge is meant to "preserve [its] affordable prices and keep up with the rising

4    costs of doing business." This makes little sense. To preserve prices, Defendant

5    purportedly adds a surcharge on the backend to create the illusion that its tag prices

6    are lower than they are. This is definitionally deceptive.

7    27.    Defendant has not maintained the same pricing schedule for its items as when it

8    opened in 1991. Indeed, Defendant adjusts its pricing over time and raises the

9    prices of its goods sold. Thus, the only explanation for this surcharge is, rather

10    than honestly advertising the prices of its wares, to offset its advertised prices and

11    hide it from consumers.

12    28.    Defendant's advertised prices lack any indication of the actual pricing with the

13    surcharge until the very end at checkout, after consumers have already spent time

14    shopping. Still, given that the surcharge is 3%, many consumers will not notice

15    anything amiss when shown the final total—likely believing any additional costs

16    to be tax.

17    29.    Defendant purposely adds this surcharge instead of raising the prices on its goods

18    in an effort to mislead consumers into thinking that their goods cost less than they

19    actually do.

20    30.    During the "Class Period," as defined below, Plaintiff and those similarly situated

21    were deprived of monies, which they paid for goods at Defendant's stores, by the

22    actions described above.

23    31.    If Defendant did not want to mislead the public, Defendant could simply raise its

24    advertised prices instead of adding a surcharge, as most other retail outlets do.

25    32.    Had Defendant accurately advertised its prices, consumers would know how much

26    each item actually costs when purchased.

27    33.    Defendant knew, or in the exercise of reasonable care should have known, that the

28    addition of this surcharge is false, deceptive, and misleading.

34. Defendant's choice to add a surcharge rather than accurately display the prices of its wares reflects a strategic, albeit deceptive, decision to hide the actual price of its goods until after consumers have purchased them, to reap financial benefit.

35. In fact, Defendant originally included a 2% surcharge on its products and later increased that to 3%. Thus, instead of updating its product pricing, Defendant continuously chooses to increase its surcharge and deceive consumers into purchasing falsely advertised products.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**

**CAL. CIV. CODE § 1750, *et seq*.**

36. Plaintiff incorporates by reference paragraphs 1-35 of this Complaint as though fully stated herein.

37. California Civil Code § 1750, *et seq*. entitled the Consumer Legal Remedies Act ("CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."

38. The Legislature's intent in promulgating the CLRA, expressed in Cal. Civ. Code § 1760, provides, *inter alia*, that its terms are to be:

> "Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

39. Defendant, Plaintiff, and Class members are each "person[s]" as defined pursuant to Civ. Code § 1761(c).

40. Defendant's retail stores sell "goods" as defined pursuant to Civ. Code § 1761(a).

41. Plaintiff and Class members are each "consumer[s]" as defined pursuant to Civ. Code § 1761(d).

42. Each of Plaintiff's and Class members' purchases of Defendant's products constituted a "transaction" as defined pursuant to Civ. Code § 1761(e).

43. Cal. Civ. Code § 1770(a)(9) states that:

> "(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> (9) Advertising goods or services with intent not to sell them as                    advertised."

44. Cal. Civ. Code § 1770(a)(20) includes:

> "(20) Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product. This subdivision shall not apply to in-store advertising by businesses that are open only to members or cooperative organizations organized pursuant to Division 3 (commencing with Section 12000) of Title 1 of the Corporations Code if more than 50 percent of purchases are made at the specific price set forth in the advertisement."

45. Finally, Cal. Civ. Code § 1770(a)(29)(A) includes:

> "(29)(A) Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either of the following:
> (i)     Taxes or fees imposed by a government on the transaction.
> (ii)    Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer."

46. Defendant violated Cal. Civ. Code §§ 1770(a)(9), (20), (29) by marketing and representing, on its in-store price tags, that its goods are a certain price, when, in fact, Defendant adds a surcharge to that price upon purchase of the goods.

47. Defendant never intended to sell its items at the prices it lists them for, in violation of Civ. Code § 1770(a)(9).

48. Defendant advertised each item for a specific price, plus a specific percentage of that price, without setting forth on the shelf tags, the total of the price in a size larger than the original price. Defendant did this in violation of Civ. Code § 1770(a)(20).

49. Defendant advertised, displayed, and offered its goods at prices that did not include all mandatory fees or charges, in violation of Civ. Code § 1770(a)(29)(A).

50. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain, and increased profit.

51. On information and belief, Defendant committed these acts knowing the harm that would result to Plaintiff and all consumers, and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

52. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's advertisements.

53. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the CLRA.

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

55. Plaintiff served a certified letter pursuant to the CLRA, Cal. Civ. Code § 1782 on Defendant with respect to the allegations herein.

56. As of the date of the filing of this Complaint, more than the required thirty (30) days have passed. Defendant has not complied with Plaintiff's demands outlined in the letters to Defendant.

57. Plaintiff has included a CLRA venue affidavit with the filing of this complaint.

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF THE FALSE ADVERTISING LAW**

**CAL. BUS. & PROF. CODE § 17500,** *et seq.*

58. Plaintiff incorporates by reference paragraphs 1-57 of this Complaint as though fully stated herein.

59. Plaintiff brings this cause of action both individually and on behalf of the putative Class.

60. Plaintiff and Defendant are "person[s]" as defined by Cal. Bus. & Prof. Code § 17506. Section 17535 authorizes a private right of action on both an individual and representative basis.

61. The misrepresentations, acts, and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violate Bus. & Prof. Code § 17500, *et seq.*

62. At all times relevant, Defendant falsely advertised and listed prices for goods in its stores in such a way as to mislead and deceive reasonable consumers. Defendant did this by deceptively adding a surcharge upon purchase of its goods.

63. Defendant engaged in the false and/or misleading advertising and marketing as alleged herein with the intent to directly or indirectly mislead consumers as to the cost of its wares.

64. In making and publicly disseminating the statements and/or omissions alleged herein, Defendants knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of Cal. Bus. & Prof. Code § 17500, *et seq.*

65. Plaintiff and members of the putative Class suffered injury in fact and have lost money and/or property as a result of Defendant's false advertising, as set forth more fully herein. Plaintiff and members of the putative Class have been injured because they paid approximately 3% more money to Defendants than advertised

1    on its goods. As a result, Defendant unlawfully profited.

66. At a date presently unknown to Plaintiff, and as set forth above, Defendant began to falsely advertise the prices of its products by adding a surcharge onto consumers at checkout rather than raising the advertised prices to accurately reflect the correct purchase price.

67. The false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers, as Defendant continues to add the surcharge. This will continue to mislead consumers as to the real price of Defendant's products.

68. As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and others similarly situated.

69. As a result of each and every violation of the FAL, Plaintiff is entitled to restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203; exemplary and/or punitive damages for intentional misrepresentations pursuant to Cal. Civ. Code § 3294; and recovery of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE § 17200, *et seq.*

70. Plaintiff incorporates by reference paragraphs 1-69 of this Complaint as though fully stated herein.

71. Plaintiff and Defendant are each "person[s]" as defined by Cal. Bus. & Prof. Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

72. "Unfair competition" is defined by Bus. & Prof. Code § 17200 as (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive,

meaning that each of these "wrongs" operate independently from the others.

73. As a direct and proximate result of the aforementioned acts and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and others similarly situated, who were led to believe their purchases would cost approximately 3% less.

74. Defendant has engaged in unlawful and unfair business acts or practices, entitling Plaintiff, and putative class members, to a judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Bus. & Prof. Code § 17203, as a result of each and every violation of the UCL, which are continuing, Plaintiff is also entitled to restitution and injunctive relief against Defendant.

75. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition. Plaintiff and members of the putative class have been injured as they relied upon Defendant's misrepresentations.

76. Defendant, through its acts of unfair competition, has unfairly acquired monies from Plaintiff and members of the putative Class. It is impossible for Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of Defendant's books and records. Plaintiff requests that this Court restore these monies and enjoin Defendant from continuing to violate Cal. Bus. & Prof. Code § 17200, *et seq*.

77. Plaintiff and other similarly situated consumers will continue to be exposed to, and harmed by, Defendant's unfair business practices unless Defendant is enjoined from continuing to engage in the unlawful, unfair, untrue, and deceptive business acts and practices discussed herein.

78. Plaintiff seeks an order requiring Defendant to make full restitution of all monies wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

79. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, Cal. Civ. Code

§ 1021.5.

## A. *"Unlawful" Prong*

80. Defendant has violated California's False Advertising Law, Bus. & Prof. Code § 17500, *et seq*. and California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1770(a)(9), (20), (29). As such, Defendant violated the Unfair Competition Law ("UCL").

81. Defendant had other reasonably available alternatives to further its business interests other than the unlawful conduct described herein.

82. Instead, Defendant deliberately adds a surcharge to the consumers' final purchase.

83. The surcharge is specifically used to obfuscate the actual price consumers pay.

84. There is no lawful basis for the charge.

85. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business acts or practices, as such conduct is ongoing and continues to this date.

## B. *"Unfair" Prong*

86. Defendant's actions and representations constitute an "unfair" business act or practice under Bus. & Prof. Code § 17200, *et seq*. in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is unfair for Defendant to knowingly represent to the consuming public that its prices are advertised 3% lower than the consumer will be charged.

87. Defendant's competitors do not similarly engage in such unfair and deceptive tactics.

88. If allowed to continue, Defendant has no reason to ever show accurate prices on its products. Defendant could simply continue increasing the percentage of "surcharge" to increase its profit margins. This is done to the detriment of consumers and other businesses which accurately label the prices for which their

1    products are sold.

2  89.  Furthermore, Defendant's unfair actions create bad public policy. It signals to its

3       competitors that they too should engage in hidden pricing. Soon, these actions

4       create a slippery slope whereby businesses are all engaged in hidden pricing and

5       consumers are left to decipher how much products actually cost.

6                            **Class Action Allegations**

7  90.  Plaintiff and the members of the Class have all suffered injury in fact as a result

8       of Defendant's unlawful and misleading conduct.

9  91.  The "Class Period" means four years prior to the filing of the Complaint in this

10      action.

11 92.  Plaintiff brings this lawsuit individually and on behalf of other consumers

12      similarly situated under Fed. R. Civ. P. 23. Subject to additional information

13      obtained through further investigation and/or discovery, the proposed "Class"

14      consists of:

15          All consumers who purchased products at a retail store owned
            by Defendant who were charged a "Living Wage Surcharge"
16          or "Surcharge" upon purchase of the product(s).

17

18 93.  Excluded from the Class are Defendant and any of Defendant's officers, directors,

19      and employees. Plaintiff reserves the right to modify or amend the Class definition

20      before the Court determines whether certification is appropriate.

21 94.  ***Ascertainability.*** The members of the Class are readily ascertainable from

22      Defendant's records as well as through public notice.

23 95.  ***Numerosity.*** The members of the Class are so numerous that their individual

24      joinder is impracticable. Plaintiff is informed and believes, and on that basis

25      alleges, that the proposed class consists of thousands of members.

26 96.  ***Existence and Predominance of Common Questions of Law and Fact.*** Common

27      questions of law and fact exist as to all members of the class and predominate over

28      any questions affecting only individual Class members. All members of the Class

have been subject to the same conduct and their claims are based on the standardized marketing, advertisements, and promotions of Defendant. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendant's advertised product prices are untrue, misleading, or likely to deceive reasonable consumers;

- Whether Defendant acted intentionally in representing its items as priced approximately 3% less than they actually cost;

- Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

- Whether Plaintiff and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and

- Whether Plaintiff and proposed members of the Class are entitled to injunctive relief sought herein.

97. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, spent time shopping and purchased Defendant's products which included an unlawful surcharge upon checkout. Plaintiff is advancing the same claims and legal theories individually and on behalf of all absent members of the Class. Defendant has no defenses unique to Plaintiff.

98. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

99. ***Superiority.*** Class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create

the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be impractical for members of the proposed Class to individually redress the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable and superior pursuant to Fed. R. Civ. P. 23.

100. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will continue to add hidden surcharges to consumers' bills, and members of the public will continue to be misled, while members of the Class will continue to be harmed, and denied their rights.

101. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class, so that declaratory and injunctive relief is appropriate to the Class as a whole, making certification appropriate pursuant to Fed. R. Civ. P. 23.

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and the putative Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT

### CAL. CIV. CODE § 1750, *et seq.*

- Actual damages, statutory damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a);
- An award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(e); and
- Any and all other relief that this Court deems necessary or appropriate;

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE FALSE ADVERTISING LAW

### CAL. BUS. & PROF. CODE § 17500, *et seq.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294; and
- Recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5;

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE § 17200, *et seq.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294; and,
- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

//

## **TRIAL BY JURY**

102. Plaintiff is entitled to, and demand, a trial by jury on all issues so triable.


Dated: December 11, 2024                    Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**


                                            By: <u>/s/Ryan L. McBride</u>
                                            Ryan L. McBride, Esq.
                                            *Attorneys for Plaintiff*